UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROGER LYLE JORDAN, SR.**,            Case No. 1:17 CV 33

      Plaintiff,

    v.                                            Magistrate Judge James R. Knepp, II

**COMMISSIONER OF SOCIAL SECURITY**,

      Defendant.                 MEMORANDUM OPINION AND ORDER

### INTRODUCTION

Plaintiff Roger Lyle Jordan, Sr. ("Plaintiff") filed a complaint against the Commissioner of Social Security ("Commissioner") seeking judicial review of the Commissioner's decision to deny Supplemental Security Income ("SSI"). (Doc. 1). The district court has jurisdiction under 42 U.S.C. § 405(g), and the parties consented to the exercise of jurisdiction by the undersigned in accordance with 28 U.S.C. § 636(c) and Civil Rule 73. (Doc. 6). Plaintiff filed his Brief on the Merits. (Doc. 15). The Commissioner then filed a Motion to Remand (Doc. 16), which Plaintiff partially opposed (Doc. 17). For the reasons stated below, the undersigned remands the case pursuant to sentence four of 42 U.S.C. § 405(g) with instructions to conduct a *de novo* hearing and issue a new decision.

### BACKGROUND

Here, Plaintiff filed a brief on the merits, alleging the ALJ erred in her analysis of Listing 12.05(C) regarding the mental disorder of intellectual disability. (Doc. 15). Listing 12.05(C) (in effect at the time of the ALJ's decision) had two parts. The first part, which is referred to as the "diagnostic definition," required: 1) significantly sub-average general intellectual functioning; 2) deficits in adaptive functioning; and 3) onset before age twenty-two. 20 C.F.R. Pt. 404, App. 1,

Listing 12.05; *see also Hayes v. Comm'r of Soc. Sec.*, 357 F. App'x 672, 675 (6th Cir. 2009). The second part, which was referred to as the "severity criteria" of subsection C, requires: 1) a valid verbal, performance, or full scale IQ of 60 through 70; and 2) a physical or other mental impairment imposing an additional and significant work-related limitation or function. 20 C.F.R. Pt. 404, App. 1, Listing 12.05(C); *Sheeks v. Comm'r of Soc. Sec.*, 544 F. Appx. 639, 641 (6th Cir. 2013).

The ALJ here never reached the question of whether Plaintiff had deficits in adaptive functioning that began prior to age 22; she stopped her analysis after finding Plaintiff did not have an impairment that imposed additional and significant work-related limitations and therefore could not meet the "Paragraph C" criteria. *See* Tr. 17. Plaintiff cites case law for the proposition that if an ALJ finds a severe impairment at Step Two—as she did in this case—that impairment satisfies the "additional and significant work-related limitation or function" prong of Listing 12.05(C) (or, at a minimum, the distinction should be discussed). *See* Doc. 15, at 12-13 (citing *Hutchinson v. Comm'r of Soc. Sec.*, 2013 WL 4604561 (E.D. Mich); *Oddo v. Astrue*, 2012 WL 7017622, at *5 (N.D. Ohio)).

In response to Plaintiff's motion, the Commissioner filed a Motion to Remand, stating that "[a]fter careful review of the above-captioned case, agency counsel determined that remand was necessary for further evaluation of Plaintiff's claim" and requesting that "[o]n remand, the Appeals Council will vacate the findings in the [ALJ]'s decision and the Commissioner will re-evaluate whether Plaintiff met Listing 12.05(C)." (Doc. 16, at 1).

## DISCUSSION

The parties do not dispute that a remand pursuant to sentence four of 42 U.S.C. § 405(g) is appropriate in this case. The only dispute is whether such a remand should include a requirement that the Commissioner hold a *de novo* hearing. The Commissioner contends "[a]lthough a new hearing may be held on remand, it is also possible that Plaintiff's claim could be decided without the need for an additional hearing" and the Court should "permit the agency to develop the administrative record within its discretion." *Id.* at 3. Plaintiff agrees that a remand is appropriate, but requests language mandating a new ALJ hearing and decision. (Doc. 17). This is so, he contends, because, given that the ALJ did not properly evaluate the relevant listing, further record development related to the issue is appropriate. *Id.* at 2. Further, Plaintiff points out that the listing at issue was amended effective January 17, 2017, and a new hearing would allow for record development and analysis related to the new version of the Listing. *Id.* at 2-3.

The new Listing criteria for intellectual disorder states:

**12.05 Intellectual disorder (see 12.00B4), satisfied by A or B:**

A. Satisfied by 1, 2, and 3 (see 12.00H):
    1. Significantly subaverage general intellectual functioning evident in your cognitive inability to function at a level required to participate in standardized testing of intellectual functioning; and

    2. Significant deficits in adaptive functioning currently manifested by your dependence upon others for personal needs (for example, toileting, eating, dressing, or bathing); and

    3. The evidence about your current intellectual and adaptive functioning and about the history of your disorder demonstrates or supports the conclusion that the disorder began prior to your attainment of age 22.

OR

 B. Satisfied by 1, 2, and 3 (see 12.00H):
  1. Significantly subaverage general intellectual functioning evidenced by a or b:
   a. A full scale (or comparable) IQ score of 70 or below on an individually administered standardized test of general intelligence; or
   b. A full scale (or comparable) IQ score of 71–75 accompanied by a verbal or performance IQ score (or comparable part score) of 70 or below on an individually administered standardized test of general intelligence; and

  2. Significant deficits in adaptive functioning currently manifested by extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:
   a. Understand, remember, or apply information (see 12.00E1); or
   b. Interact with others (see 12.00E2); or
   c. Concentrate, persist, or maintain pace (see 12.00E3); or
   d. Adapt or manage oneself (see 12.00E4); and

  3. The evidence about your current intellectual and adaptive functioning and about the history of your disorder demonstrates or supports the conclusion that the disorder began prior to your attainment of age 22.

20 C.F.R. § Pt. 404, Subpt. P, App. 1, Listing 12.05; *see also* Soc. Sec. Admin*., Revised Medical Criteria for Evaluating Mental Disorders*, 81 F.R. 66138-01, 2016 WL 5341732 (Sept. 26, 2016) (effective Jan. 17, 2017).

The implementing regulations, in addition to providing an effective date of January 17, 2017, describe when the new listing will be applied by the Commissioner:

> ***When will we begin to use these final rules?***
> As we noted in the dates section of this preamble, these final rules will be effective on January 17, 2017. We delayed the effective date of the rules to give us time to

4

>update our systems, provide training and guidance to all of our adjudicators, and revise our internal forms and notices before we implement the final rules. The prior rules will continue to apply until the effective date of these final rules. When the final rules become effective, we will apply them to new applications filed on or after the effective date of the rules, and to claims that are pending on or after the effective date.

81 F.R. 66138-01, 2016 WL 5341732. In a footnote, the agency further explained:

>This means that we will use these final rules on and after their effective date, in any case in which we make a determination or decision. We expect that Federal courts will review our final decisions using the rules that were in effect at the time we issued the decisions. If a court reverses our final decision and remands a case for further administrative proceedings after the effective date of these final rules, we will apply these final rules to the entire period at issue in the decision we make after the court's remand.

*Id.* at n.1. The decision in this case—and ultimately the final decision of the Commissioner—was submitted when the ALJ issued her written decision on January 8, 2016. (Tr. 12-23). She, thus (appropriately) applied the old version of Listing 12.05. The parties agree that remand is appropriate here. And, the parties agree that the reason for remand is to reevaluate Listing 12.05. Pursuant to the Commissioner's own regulations, the new version of the Listing will apply on remand regardless of whether the undersigned requires a *de novo* hearing. *See* 81 F.R. 66138-01, 2016 WL 5341732, at n.1. Because the ALJ did not have occasion to consider the new version of the Listing at the time of the original hearing, and because that version will necessarily apply to any future decision in this case, the undersigned agrees with Plaintiff that a *de novo* hearing on remand is appropriate to consider the changed Listing and the need for possibly different record development.

The statute governing judicial review provides, *inter alia*:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g) (emphasis added). Thus, it is within the Court's power to decide whether to order a rehearing. Due to the unique situation here with an intervening change to the Listing, the undersigned agrees with Plaintiff that ordering a new hearing on remand is appropriate.

## CONCLUSION

Following review, the undersigned concludes that this case shall be remanded, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings to determine if Plaintiff meets the intellectual disorder listing (12.05). On remand, the Commissioner shall conduct a *de novo* hearing and issue a new decision.

IT IS SO ORDERED.

s/James R. Knepp II
United States Magistrate Judge
