UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROGER LYLE JORDAN, SR.**,　　　　　　　Case Number 1:17 CV 33

　　Plaintiff,

　　v.　　　　　　　　　　　　　　　　　Magistrate Judge James R. Knepp II

**COMMISSIONER OF SOCIAL SECURITY**,

　　Defendant.　　　　　　　　　　　　　MEMORANDUM OPINION AND ORDER

## INTRODUCTION

Pending before the Court is Plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), seeking $4,897.91 in fees. (Docs. 20, 21). Defendant, the Commissioner of Social Security ("Commissioner"), filed a response indicating she had no objection to Plaintiff's request. (Doc. 22). For the reasons discussed below, the undersigned grants the motion in the amount requested.

## PROCEDURAL BACKGROUND

Prior to the instant motion, Plaintiff filed a Complaint with the United States District Court, challenging the Commissioner's decision to deny social security benefits. (Doc. 1). Plaintiff then filed a brief on the merits, alleging the ALJ erred in her analysis of Listing 12.05(C) regarding the mental disorder of intellectual disability. (Doc. 15). In response to Plaintiff's motion, the Commissioner filed a Motion to Remand, stating that "[a]fter careful review of the above-captioned case, agency counsel determined that remand was necessary for further evaluation of Plaintiff's claim" and requesting that "[o]n remand, the Appeals Council will vacate the findings in the [ALJ]'s decision and the Commissioner will re-evaluate whether Plaintiff met Listing 12.05(C)." (Doc. 16, at 1). Although the parties agreed a remand pursuant to sentence four of 42

U.S.C. § 405(g) was necessary, they disputed whether such a remand should include a requirement that the Commissioner hold a *de novo* hearing. The Court ultimately agreed with Plaintiff, and ordered that the Commissioner conduct a *de novo* hearing on remand. (Doc. 18, at 6). The matter was thus remanded. (Doc. 19).

## THE EQUAL ACCESS TO JUSTICE ACT

Under normal circumstances, each party is responsible for its own legal fees. *Scarborough v. Principi,* 541 U.S. 401, 404 (2004). However, because paying for one's own legal fees can make litigation cost prohibitive, the EAJA exists to encourage lay people to seek review of unreasonable government action without fear of the substantial cost that litigation can entail. The EAJA provides, in pertinent part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

In this case, it is undisputed that Plaintiff is a prevailing party because this Court issued a sentence-four remand. *Shalala v. Schaefer*, 509 U.S. 293, 301 (1993). Neither side contends that special circumstances make an award unjust. As such, Plaintiff is entitled to attorney's fees and additional expenses if the government's position was not substantially justified.

### *Substantial Justification*

The government's position is "substantially justified" if it had "a reasonable basis in both law and in fact" or was "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 564-65 (1988). The government's "position" includes both the underlying action and the government's litigation position. 42 U.S.C. §2412(d)(2)(D); *Delta Eng'g*

2

*v. United States,* 41 F.3d 259, 261 (6th Cir. 1994). The burden of showing substantial justification rests upon the agency. *Scarborough,* 541 U.S. at 414-15.

Here, Plaintiff alleges the Commissioner's decision was not substantially justified. The Commissioner bears the burden of proving her position was substantially justified; she has not met that burden because she did not object to Plaintiff's motion. (Doc. 22). The Commissioner also agreed to a sentence-four remand. (Doc. 18). By agreeing to remand, and not objecting to the instant motion, the Commissioner essentially conceded her position below was not substantially justified. Thus, the sole issue is whether a fee above the statutory maximum is warranted in this case.

### *Amount of Fees and Award*

The EAJA provides that attorney fees "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). To determine the appropriate hourly rate for calculating attorney fees under the EAJA, the Court must initially determine the prevailing market rate for the kind and quality of services furnished. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The prevailing market rate is the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "In requesting an increase in the hourly-fee rate [under the EAJA], Plaintiffs bear the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (citing *Blum*, 465 U.S. at 898). Decisions to adjust the hourly rate based on increases in the cost of living are left to the discretion of the district court. *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 199 (6th Cir. 1992).

3

Here, Plaintiff seeks an award at a rate of $187.09 per hour[1] for attorney work, and $80.00 per hour of paralegal work. In support, Plaintiff submitted: 1) a summary of hours expended by counsel and paralegals (Docs. 21-6, 21-7, 21-8); 2) the Bureau of Labor Statistics Consumer Price Index ("CPI") for Midwest Urban, and resulting calculation (Doc. 21-1); 3) the Ohio State Bar Association's *The Economics of Law Practice in Ohio in 2013: A Desktop Reference* (Doc. 21-2); 4) the National Association of Legal Assistants' *2015 National Utilization and Compensation Survey Report (Section 3: Billing Rates)* ("NALA Report") (Doc. 21-3); and 5) two cases from the Southern District of Ohio addressing paralegal compensation rate in EAJA cases: *Coss v. Comm'r of Soc. Sec.*, Case No. 15cv2222, and *Zupp v. Comm'r of Soc. Sec.*, Case No. 14cv2545 (S.D. Ohio). Plaintiff also submits her attorney's affirmation of in support (Doc. 21-, at 1-5), which details counsel's experience.

This Court and others in the Northern District of Ohio have previously found similar evidence sufficient to support an increase in fees for attorneys. *See, e.g.*, *Britton v. Comm'r of Soc. Sec.*, 2016 WL 1732934, at *2 (N.D. Ohio); *Vasquez v. Astrue*, 2012 WL 3637676, at *1-3 (N.D. Ohio); *Rodriguez v. Astrue*, 2012 WL 2905928, at *5-6 (N.D. Ohio). The undersigned similarly finds so here.

Work performed by non-attorneys such as paralegals may be compensable under the EAJA if the work is "sufficiently complex" or work "traditionally performed by attorneys." *Snyder v. Comm'r of Soc. Sec.*, 2011 WL 66458, at *2 (N.D. Ohio). As another court explained: "It is

---

1. Plaintiff reached this figure by comparing the price of services in March 1996 ($151.70)—when the EAJA was enacted—to the average price of services in the second half of 2016 (when the work on this case was performed) (227.057). *See* Doc. 21, at 3; Doc. 21-1. This leads to an inflation factor, which, when multiplied by the $125 statutory rate, produces the calculated hourly rate of $187.09. *See* Doc. 21-1 (method used for calculation).

4

counterproductive to exclude compensation for paralegal . . . work because it may encourage attorneys to handle entire cases themselves and have the same result, but at the higher hourly rate for attorneys." *Hawk v. Astrue*, 2013 WL 139799, at *4 (N.D. Ohio). Here, paralegals communicated with Plaintiff and prepared the EAJA fee request. (Doc. 21-8). The undersigned finds Plaintiff's requested paralegal hourly rate of $80.00 reasonable, supported by the evidence presented, and in line with that awarded in other cases in this district. *See* NALA Report, Doc. 21-3, at 6 (listing average paralegal billing rate for 2014 as $116 per hour in "Region Two", which includes Ohio); *Brannon v. Colvin*, 2016 WL 3460222, at *7 (N.D. Ohio) (awarding fees for paralegal work at $80.00 per hour); *Hawk*, 2013 WL 139799, at *5 (awarding fees for paralegal work at $87.50 per hour and $89.79 per hour).

Taking into account the evidence provided, the previous decisions of my colleagues, the facts of this case, and in particular the fact that the Commissioner has not challenged Plaintiff's request, the Court finds Plaintiff has shown the requested rate falls within the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 895 n.11. And, as noted above, the undersigned finds the requested paralegal rate reasonable and supported. The Court therefore grants Plaintiff's request for increased fees at an hourly rate of $187.09 for attorney work, as well as $80.00 per hour for paralegal work, for a total award of $4,897.91.[2]

---

2. The Court has reviewed the hours expended by Plaintiff's attorney and finds them to be reasonable. *See Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 420 (6th Cir. 1990) ("It is the opinion of this Court that the average number of hours for an attorney to work on a social security case ranges from 30 to 40 hours."). Again, Defendant has not contested the reasonableness of the hours submitted.

## PAYMENT OF AWARD

Finally, Plaintiff attaches a "Waiver of Direct Payment", and asks this Court to order that, "[i]f the Plaintiff has no debt registered with the Department of Treasury subject to offset that the fees be made payable to the attorney." (Doc. 21, at 5). The Sixth Circuit recently addressed this issue and concluded: "although [the claimant] had the right to assign her EAJA fee award to her lawyer, the award itself was payable to [the claimant] and the Commissioner had discretion either to honor or not to honor the assignment." *Kerr for Kerr v. Comm'r of Soc. Sec.*, 874 F.3d 926, 935 (6th Cir. 2017). Thus, while the Commissioner may decide to make the fee payable to Plaintiff's attorney if he owes no preexisting debt to the United States, the Court will not so order.

## CONCLUSION

Following review, the undersigned GRANTS Plaintiff's Motion for Attorney Fees (to be paid by the Social Security Administration) in the amount of $4,897.91 representing 23.4 attorney hours at $187.09 per hour, and 6.5 paralegal hours at $80.00 per hour.

IT IS SO ORDERED.

s/James R. Knepp, II
United States Magistrate Judge